# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

DESSIE ROSE HENBEST,            )
                                )
            Petitioner,          )
                                )
    v.                          )     No. CIV-07-432-FHS
                                )
MILLICENT NEWTON-EMBRY,         )
                                )
            Respondent.         )

## ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and housed at the Mabel Bassett Correctional Center located in McCloud, Oklahoma, appearing pro se, has filed with this court a petition seeking federal habeas corpus relief.

On December 18, 2007, Petitioner filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Sec. 2254 in this court. In that petition, Petitioner is attacking her original sentence. Respondent claims that Petitioner has failed to exhaust her state court remedies.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if she has not exhausted the available state court remedies as to her federal claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether her action is brought under Sec. 2241 or Sec. 2254." Montez v. McKinna, 208 F.3d 862,

866 (10th Cir. 2000)(citing Coleman, 501 U.S. at 731).  In federal habeas corpus actions, the Petitioner bears the burden of showing she has exhausted her state court remedies as required by 28 U.S.C. Sec. 2254 (b).  See Clonce v. Presley, 640 F. 2d 271, 273 (10th Cir. 1981) and Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeals or a post-conviction proceeding. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 ( 10th Cir. 1994).  "Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter." Smith v. Kansas, 356 F.2d 654, 656 (10th Cir. 1966). "The exhaustion doctrine requires a state prisoner to fairly present a claim to the state courts before a federal court will examine them." Pickard v. Connor, 404 U.S. 270, 275 (1971)

After a careful review of the record, the court finds that Petitioner does have a state court remedy and has failed to exhaust this remedy.  In fact, Petitioner currently has a motion to file appeal out of time pending with the Marshall County District Court. If this motion is denied at the district court level, she can then appeal that denial to the Oklahoma Court of Criminal Appeals. The court finds these acts would not be futile. As a result, at this time, Petitioner has failed to exhaust her state court remedies.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 26th day of February, 2008.

*Frank H. Seay*
Frank H. Seay
United States District Judge
Eastern District of Oklahoma